UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

 v.             Case No. 22-cr-088-01-LM
               Opinion No. 2023 DNH 045 P

David Berard

**O R D E R**

   On April 25, 2023, a hearing was held on defendant David Berard's motion to dismiss the indictment for violations of 18 U.S.C. §§ 3161 & 4241.  During the hearing, the court received a letter dated April 24, 2023, from Amy Boncher, Warden of FMC-Devens.  Boncher's letter was in response to a court order requesting a status update informing the court about the progress of Berard's competency restoration evaluation.  The court specifically asked Boncher to address the "current view of whether there exists a 'substantial probability' — as opposed to certainty—that Berard may be returned to competency."  The court finds the letter problematic for the following reasons.

   First, the letter does not answer the court's question.

   Second, the letter raises a timeliness problem.  Specifically, Boncher states that BOP intends to submit its written report to the court <u>after</u> the expiration of the four-month time-period that BOP is permitted to hold Berard for evaluation under 18 U.S.C. § 4241(d)(1).  Nothing in § 4241(d)(1) indicates that BOP may unilaterally extend the 4 months.  Indeed, the Second Circuit has held that BOP must forward its report <u>before</u> the expiration of the four months, so that a court can make a

timely determination on restorability. United States v. Magassouba, 544 F.3d 387, 410 (2d Cir. 2008) ("Because § 4241(d)(1) is unequivocal in limiting custodial hospitalization under that subsection to a reasonable period of time, 'not to exceed four months,' we necessarily conclude that the Attorney General exceeded its authority in holding Magassouba in custodial hospitalization . . . approximately three weeks longer than the four months specified . . . ."). Assuming that the government's reading of the statute is correct and since Berard was admitted to FMC-Devens on February 27, 2023, the maximum time allowable under § 4241(d)(1) for BOP to report back to the court its view as to "whether there is a substantial probability" that Berard's competency can be restored in the "foreseeable future" expires on June 27, 2023.

Third, a reasonable reading of the letter leads the court to understand that BOP may have already reached the opinion that Berard's competency can be restored, or that he is, in fact, competent. Reaching either conclusion without informing the court would violate § 4241(d)(1) & (e). A few weeks ago, Dr. Dia Boutwell, who is chief of BOP's psychological evaluations section, stated in a declaration that BOP "requires, pursuant to § 4241(d), a four-month period of hospitalization . . . to evaluate restorability . . . ." Doc. no. 44-1 at 2. She also testified that Berard presents a difficult case, suggesting that use of the full four months was necessary in his case. Now, however, Boncher's April 24 letter strongly suggests that BOP has already determined that Berard is restorable to competency in the foreseeable future. That is, it appears that BOP has already determined,

2

without informing the court, that it believes there is at least a "substantial probability" that Berard's competency can be restored. For example, according to the letter, Berard has completed six of eight "Competency Restoration Group meetings."

The letter also could be read to indicate that BOP thinks Berard is competent. In early April, Berard "was found competent" by BOP for purposes of subjecting him to its internal disciplinary process. And, Dr. Miriam Kissin, Berard's attending psychiatrist, has met with Berard on two occasions and finds him to be "psychiatrically stable" and without any of the symptoms noted by Dr. Eric Drogin, whose report the court relied on to find Berard incompetent. Indeed, the letter notes that, having completed two interviews of Berard, Dr. Kissin provided "[n]o diagnosis or recommendation for psychiatric treatment . . . ."

Fourth, from the letter, it appears that BOP may be unnecessarily lengthening the § 4241(d)(1) evaluation period by developing a second opinion about Berard's competency instead of merely evaluating him as to whether he can be restored to competency. Compare § 4241(d)(1)(A) (commitment only permitted for the reasonable time "as is necessary to determine whether there is a substantial probability" of restoration), with § 4241(d)(2)(A) (additional commitment permitted if the court finds there is a substantial probability that the defendant will obtain capacity to proceed). This court has already found Berard incompetent. The government had an opportunity to oppose those findings during those proceedings. It did not. The court did not commit Berard so that BOP could take more than four

months to render a second opinion on the matter of his competency.  See also § 4247(b) (setting time limits for competency evaluations).  The court's directive to the Attorney General was to determine—in a time no longer than necessary per Jackson v. Indiana and § 4241(d)—whether a substantial probability exists that Berard can be restored to competency.  406 U.S. 715, 738 (1972) (holding that, under the Due Process Clause, a person "who is committed solely on account of his incapacity to proceed to trial" cannot be held any longer "than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future").  This is why the court asked for an update on that question in its April 18, 2023 order.

This is troubling to the court — especially where it took 3 months and 4 days for Berard to be admitted to FMC-Devens for his evaluation.  Section 4241(d)(1) does not require certainty; it requires only that BOP evaluate Berard—in the most expeditious way possible—as to whether there is a "substantial probability" of restorability.  The court is mindful of BOP's national backlog with respect to restorability determinations.  Yet this letter suggests that BOP could perhaps communicate restorability determinations in certain of its patients—such as Berard—on a more expedited basis, thereby easing its backlog.

Fifth and finally, this is not the first time that BOP has apparently ignored the direction of the courts and Congress as to competency restoration evaluations.  In United States v. Stone, this court found a defendant incompetent and, as it was required to do, committed him to the custody of the Attorney General for a

competency restoration determination. No. 15-cr-161-LM, 2018 WL 2417857 (D.N.H. May 29, 2018). Considering the "uncontroverted opinion" of a forensic psychiatrist that the defendant was not restorable to competency but recognizing its obligation to commit the defendant for an evaluation under § 4241(d), the court recommended that BOP conduct its evaluation of the defendant "as expeditiously as possible." Id. at *1. Nevertheless, the defendant "was held for about four months" in a "semi-locked" mental health unit at FMC-Devens. Id. at *2.

> [The defendant's] treatment over those four months amount[ed] to (1) an increase in his antidepressant medication, and (2) exposure to the criminal-justice process through meetings with mental-health professionals and a 'competency restoration group.' In the competency restoration group, which consisted of nine classes over the course of two months, [the defendant] learned about various aspects of the criminal-justice system.

Id. After those four months passed, the Warden of FMC-Devens issued a certificate under § 4241(e) attesting that prison staff found the defendant to be competent. Id. In rejecting BOP's view that the defendant was competent and restorable, this court criticized what appears to be BOP's "standard procedure," observing that "instead of undertaking that narrow [competency restoration] inquiry on an expedited basis, Dr. Channell decided to fully re-evaluate Stone's competency. . . ." See id. at *3. Considering Boncher's letter, it appears that BOP is, as in Stone, providing the same limited treatment while ignoring the directive that it take no more time than reasonably necessary to evaluate whether Berard can be restored to competency. The court is thus concerned that BOP is holding or plans to hold Berard "for far longer than [is] necessary to reach that limited determination." See id.

In sum, Boncher's letter is insufficient and does not address Berard's status under § 4241(d)(1).  Due to the statutory time constraints, an expedited hearing is necessary.  The hearing is scheduled for Monday, May 1, 2023, at 2:00 p.m.  The court orders Dr. Kissin to appear at such hearing to address Berard's status under § 4241(d)(1).  Dr. Kissin's testimony via video conference is acceptable to the court.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 27, 2023

cc:  Counsel of Record